IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMERGENCY MEDICAL SERVICES AUTHORITY, an Oklahoma public trust,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC.,<br><br>　　　　Defendant. | Case No.  20-CV-455-GKF-CDL |

**OPINION AND ORDER**

Before the court is the Opposed Motion for Leave to Amend Complaint filed by plaintiff Emergency Medical Services Authority.  [Doc. 116].  For the reasons set forth below, the motion is denied.

**I.  Background and Procedural History**

This case arises out of a contract dispute between plaintiff Emergency Medical Services Authority ("EMSA") and defendant American Medical Response Ambulance Service, Inc. ("AMR").  In 2013, the parties entered into a five-year contract for the provision of emergency and non-emergency ambulance services in the Tulsa and Oklahoma City metropolitan areas.  [Doc. 2-2].  The parties extended the contract for an additional five years in October 2018. [Doc. 2-3]. As part of the contract and the contract extension, the parties agreed to a gain sharing provision wherein AMR's maximum profit for each contract year is ten percent of gross earnings.  [*See* Doc. 2-2, ¶ 11].  Additional profits were to be remitted to EMSA.  [*Id.*]

AMR, which believes the gain sharing provision is potentially unlawful or against public policy, has not made any gain sharing payments.  [Doc. 69, p. 15].  EMSA filed the Complaint in this action on September 9, 2020, asserting that AMR breached the contract by failing to comply

with the contractual gain sharing provision. [Doc. 2, ¶¶ 61–64]. EMSA calculates AMR owes $16,039,895.00. [*Id.*, ¶ 52].

AMR filed its Answer to the Complaint on September 30, 2020. [Doc. 11]. That same day, AMR also filed a counterclaim, a motion for a preliminary injunction, and a motion for joinder of necessary parties. [Docs. 12, 14, 15]. The court denied the motion for joinder and the motion for a preliminary injunction. [Docs. 45, 58]. AMR subsequently requested leave to amend its Answer and Counterclaim. [Doc. 61]. EMSA did not object, and the court granted AMR leave to amend. [Doc. 68]. AMR filed its Amended Answer and Counterclaim on January 12, 2021. [Docs. 69, 70]. EMSA filed a motion to dismiss the Amended Answer and Counterclaim, which was granted in part and denied in part on April 7, 2021. [Doc. 86]. EMSA then filed its Answer to the Amended Counterclaim on April 29, 2021. [Doc. 100].

On May 24, 2021, the court entered an initial Scheduling Order in this matter, setting a discovery deadline of May 6, 2022, and a dispositive motions deadline of May 20, 2022. [Doc. 107]. The court omitted a date for filing motions for joinder or amendments to the pleadings in its scheduling order because over eight months had already passed since the filing of the Complaint.[1] On the parties' motion, the court subsequently amended the Scheduling Order twice. [Docs. 113, 115]. Most recently, on June 6, 2022, the court entered the Second Amended Scheduling Order, setting a discovery cut-off date of March 10, 2023; a dispositive motion deadline of March 24, 2023; a Pretrial Conference date of July 3, 2023; and a Jury Trial date of July 17, 2023. [Doc. 115]. On June 20, 2022, plaintiff filed this motion to amend the Complaint. [Doc. 116].

**II. Proposed Amendment**

Plaintiff has identified two major changes in its proposed Amended Complaint:

---

[1] On October 30, 2020, the court had found good cause for delaying issuance of a scheduling order until the resolution of then-pending motions. [Doc. 33].

- Addition of a new claim that AMR is in breach of the Contract Extension by refusing to produce important financial reports, the production of which is expressly required thereunder ("the Financial Reports Amendment"); and

- Supplementation of a claim briefly raised in EMSA's Answer to AMR's Counterclaim [Doc. 100] that AMR used an unlicensed employee to render EMT-level care for several months ("the Licensure Amendment").

[Doc. 116, p. 6].

### III. Motion to Amend Standard

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under [Federal Rule of Civil Procedure] 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd.*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). Good cause may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.*

Rule 15(a) permits a party to amend its pleading once as a matter of course within 21 days of service or, if the pleading is one to which a responsive pleading is required, within 21 days of service of the responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave to amend should be freely given "when justice so requires,"

Fed. R. Civ. P. 15(a)(2), "denial of a motion to amend may be appropriate where there has been shown 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Steadfast Ins. Co. v. Agric. Ins. Co.*, 2014 WL 1901175, at *4 (N.D. Okla. May 13, 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (quoting *Zenith Radio Corp. v. Hazeltine Res., Inc.*, 401 U.S. 321, 330 (1971)).

## IV.   Discussion

As a preliminary matter, AMR argues that EMSA must satisfy the "good cause" standard set forth in Rule 16(b) to amend at this stage in the litigation. [*See* Doc. 117, p. 6]. The court agrees with defendant that Rule 16(b) applies here because the deadline for amendment has passed. *See generally Ford v. Brennan*, 2016 WL 830743, at *2, n.1 (N.D. Okla. Mar. 3, 2016). EMSA does not respond to this argument or explain how its request for amendment satisfies the "good cause" standard. EMSA instead argues only that its request satisfies the Rule 15(a) standard. Because plaintiff is unable to satisfy even the more lenient standard of Rule 15(a)(2), however, the court need not reach the issue of whether plaintiff satisfies Rule 16(b)(4)'s "good cause" standard. *See Ford*, 2016 WL 830743, at *2, n.1.

Under Rule 15(a)(2), amendment should be freely permitted when justice requires, but not if there is "any apparent or declared reason" to deny the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely

suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Minter*, 451 F.3d at 1206 (citations, quotations, and bracketing omitted).

AMR argues that EMSA's request to amend fails to satisfy the Rule 15 standard for four separate reasons: (1) undue delay, (2) dilatory motive, (3) futility of amendment, and (4) prejudice to AMR. [Doc. 117]. The court will address the relevant issues in turn.

A. *Undue Delay*

The Tenth Circuit has explained that lateness does not automatically justify the denial of a motion to amend. *Minter*, 451 F.3d at 1205. However, "[u]ntimeliness in itself *can* be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995) (emphasis added). "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)). In the Tenth Circuit, the court "focuses primarily on the reasons for the delay" and "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation.'" *Id.* at 1206 (citations omitted).

With respect to the Licensure Amendment, by EMSA's own admission, "[t]he question of whether AMR breached the Contract Extension by deploying an unlicensed individual has long been an issue" in this litigation, including in "extensive pre-litigation correspondence." [Doc. 116, p. 10]. On September 22, 2020, EMSA sent a Notice of Default to AMR, notifying AMR that "it had used an unlicensed employee to perform emergency medical services in the field." [*Id.*] This shows EMSA knew of the basis for the Licensure Amendment less than two weeks after filing the original Complaint. [*Id.*] Additionally, EMSA acknowledges that it could have earlier "sought

leave to file a First Amended Complaint containing only the Licensure Amendment." [*Id.*, p. 16]. It is well-established that "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Frank v. U.S.W., Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (citation omitted). EMSA had knowledge of the basis for the Licensure Amendment nearly two years before filing this motion and—significantly—well within the time to amend as a matter of course.

EMSA argues that amending the Complaint to only add the Licensure Amendment may have later forced it to seek leave to file a Second Amended Complaint related to the Financial Reports Amendment if AMR did not produce the income statements sought by EMSA. [Doc. 116, p. 16-17]. The court is not persuaded by this argument, nor does plaintiff cite any authority for the proposition that the fact that an additional basis for amendment may later arise is an appropriate justification for a delay in amending—particularly a delay as lengthy as the one here.

Moreover, as to the Financial Reports Amendment, AMR's discovery responses in this matter, dated September 29, 2021, explicitly state that AMR would not be providing a fourth quarter income statement because "AMR only performed under the contract until September 29, 2020." [Doc. 117-8, p. 29]. Thus, even after AMR made clear to EMSA that AMR would not be producing a fourth quarter statement, EMSA *still* waited nearly nine more months before it filed this motion to amend the Complaint. *See Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

EMSA has provided no adequate justification for its failure to request leave to amend until 608 days after the filing of the Complaint.

B. *The Proposed Financial Reports Amendment is Unnecessary*

With respect to the Financial Reports Amendment, concern about granting leave to amend is heightened by the fact that this amendment is simply unnecessary. *See Mahdy v. Cearley*, 2014 WL 12791277, at *6 (D.N.M. May 2, 2014), *report and recommendation adopted*, 2014 WL 12791278 (D.N.M. May 27, 2014). In freely allowing leave to amend, the court provides litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). But as EMSA itself acknowledges, it can seek—and has sought[2]—the documents at issue as a matter of discovery. [*See* Doc. 118, p. 5-6 (EMSA states that "it has only three (3) options: (a) obtain the reports and information through an order of specific performance entered in this action; (b) obtain the reports and information through a discovery-order compelling AMR to produce them; or (c) file a new action against AMR for specific performance.")]. Indeed, in discussing this issue in its Reply brief, EMSA relies heavily on decisions arising out of discovery disputes, which lends further credence to the conclusion that a Rule 34 motion by EMSA—and not an amendment to the Complaint—is the appropriate approach to this issue. [*See, e.g., id.*, pp. 2-5].

C. *Undue Prejudice*

"The . . . most important factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86

---

[2] EMSA filed an opposed motion to compel production of these documents on September 13, 2022. [Doc. 119].

(10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Neither the original Complaint, nor the original exhibits attached thereto, make any reference to the alleged unlicensed paramedic issue. [*See* Doc. 2]. AMR argues that it has actively defended itself against the claims in the original Complaint for nearly two years, and to allow this amendment would force them to revisit the closed pleading stage and, more concerningly, initiate new discovery to address these new claims. [Doc. 117, p. 15]. The court concurs. The parties—and the court—have invested time and resources in discovery and motion practice. The proposed new claims would require additional discovery and potential motion practice on these issues.

And, as discussed *supra*, the issue raised by the Financial Reports Amendment is better addressed through discovery than a separate claim for specific performance. The prejudice to AMR would be further heightened by allowing this amendment to unnecessarily set this case back months or years to address an issue that will be more efficiently and effectively addressed as part of discovery.

For the foregoing reasons, the court finds that EMSA's motion to amend does not provide a basis to amend sufficient to justify the court's permission under either Rule 15(a) or 16(b)(4).

## V. Conclusion

WHEREFORE, the Opposed Motion for Leave to Amend Complaint filed by plaintiff Emergency Medical Services Authority [Doc. 116] is denied.

IT IS SO ORDERED this 6th day of October, 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE